UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.: 12-32699 |
| | ) | |
| CLASSIC MEDICAL, INC. | ) | Chapter: 11 |
| | ) | Honorable Eugene R. Wedoff |
| | ) | |
| Debtor(s) | ) | |

**FINAL ORDER PERMITTING USE OF CASH COLLATERAL
BELONGING TO INTERNAL REVENUE SERVICE**

THIS CAUSE COMING ON TO BE HEARD on continued motion of Debtor, CLASSIC MEDICAL, INC., for entry of a final order permitting use of cash collateral belonging to Internal Revenue Service ("IRS") (the "Cash Collateral Motion"), notice of the original motion having been given to all creditors and parties in interest, notice of the Interim Order having been given to all creditors and parties in interest and the Court being duly advised in the premises:

IT IS HEREBY ORDERED that:

1. Debtor is hereby authorized to use IRS's Cash Collateral pursuant to Section 363(c) of the Bankruptcy Code provided, however, that Cash Collateral shall not be used for expenses other than those post-petition obligations on the Budget attached hereto as Exhibit 1, subject to a variance of no more than ten percent (10%) per line item, in order to pay ongoing expenses in the ordinary course of business and ongoing expenses described in Exhibit 1.

2. Debtor shall deposit all monies collected in connection with the Collateral, whether generated pre-petition, or post-petition in its Debtor in Possession account.

3. As adequate protection, Debtor shall make monthly payments to the IRS in the amount of $2,500.00 pursuant to Section 363(c) of the Bankruptcy Code. As additional adequate protection for the use of cash collateral, IRS retains its liens upon the assets of the Debtor, and is granted additional liens upon all post-petition assets of the Debtor to the extent that the collateral is utilized subject to verification of the extent and validity of its liens.

4. The provisions of this Order shall be immediately effective upon entry of this Order. The terms and provisions of this Order, as well as the lien and security interest created hereunder and all rights of IRS and obligations of the Debtor created or arising pursuant hereto shall continue in these proceedings or any superseding proceeding under the Code. The liens and security interests provided for herein shall maintain their priority as provided by this Order until satisfied and discharged. If any or all of the provisions of this Order are hereafter modified, vacated or stayed by subsequent order of this Court, such stay, modification or vacation shall not affect: (1) the validity of any debt to IRS incurred pursuant to this Order and which is incurred prior to the effective date of such stay, modification or vacation; (2) the validity and enforceability of any lien or priority authorized hereby with respect to any such debt to IRS; and (3) the conduct of IRS with respect to the rights granted to it in this Order. Notwithstanding such stay, modification or vacation, all liabilities owed to IRS by Debtor pursuant to this Order prior to the effective date of such modification, stay or vacation, to or for the benefit of Debtor shall be

Rev: 20120501_bko

governed in all respects by the original provisions of this Order and IRS shall be entitled to all of the rights, privileges and benefits, including the security interest in the priority granted herein, with respect to all such liabilities and the course of conduct established in connection therewith.

    5. Debtor shall insure the Collateral against risk of loss, damage and destruction for the full replacement value thereof with an insurance company acceptable to IRS and with loss payable to IRS. Debtor shall provide proof of insurance to IRS.

    6. IRS shall have the right to inspect the premises, property, assets and collateral of the Debtor, and conduct audits and inspections of the books and records of the Debtor during regular business hours upon reasonable advance notice.

    7. This Order is without prejudice to the rights of IRS to receive any pre-petition or post-petition payments due IRS or to seek modification of the terms hereof at any time upon reasonable notice to all parties in interest, and subject to the rights of any party to object thereto.

    8. The occurrence of any one or more of the following shall constitute an event of default:

    a. This Order is stayed, reversed, vacated or modified on appeal or shall cease to be in full force and effect;

    b. Debtor's material failure to perform any of its obligations under this Order and failure to cure the default within ten (10) days after receipt of written notice of the default;

    c. The conversion of the Debtor's Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code;

    d. The appointment of a Chapter 11 Trustee; or

    e. The dismissal of the Debtor's bankruptcy case.

    9. Upon the occurrence of an event of default, and upon notice of default having been sent to the Debtor and Debtor's counsel, and if the default is not cured within 14 days the mailing of the aforesaid notice of default, then and in that event the Debtor no long has the right to use of Cash Collateral and the automatic stay pursuant to Section 362 of the Bankruptcy Code is terminated with respect to IRS to allow IRS to exercise any and all rights and remedies it may have with respect to the Collateral or for other appropriate relief.

Enter: _[signature]_

Dated: 2 5 SEP 2012

United States Bankruptcy Judge

**Prepared by:**
GOLAN & CHRISTIE LLP
Attorneys for Debtor
70 West Madison, Suite 1500
Chicago, Illinois 60602
312-263-2300

Rev: 20120501_bko

## October 2012 Monthly Budget

## Classic Medical, Inc.

| Income | |
|---|---|
| From Sales | $50,000.00 |
| **Expenses** | |
| Goods for Sale | $5,200.00 |
| Internal Revenue Service Cash Collateral | $2,500.00 |
| ACHC Accreditation Fee | $2,850.00 |
| Payroll | $17,100.00 |
| Insurance | $3,225.00 |
| Utilities | $2,415.00 |
| Rent | $3,450.00 |
| Fuel and Auto Expenses | $2,400.00 |
| Billing/Tech Support | $1,300.00 |
| Travel/Business Expenses | $250.00 |
| Equipment Repairs | $500.00 |
| Professional Fees | $1,750.00 |
| U.S.T Quarterly Fees | $325.00 |
| Dues/Accreditation & Subscriptions | $1,200.00 |
| Office Expenses | $1,260.00 |
| **Total Expenses** | $45,725.00 |
| **Balance Remaining:** | $4,275.00 |


EXHIBIT 1